```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X   Civil Action No.:
JESSICA GRAZIADIO and MARYANN GRAZIADO,
                                              '07 CIV 10445
                        Plaintiff,            JUDGE KARAS

        -against-                             NOTICE OF REMOVAL

TARGET CORPRATION,                            Orange County
                                              Index No.:
                        Defendants-Petitioners. 10006/07
------------------------------------------X
```

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

Defendants-Petitioners, TARGET CORPORATION ("Petitioner"), by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., MARVIN N. ROMERO, ESQ., of counsel, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1. On or about October 18, 2007, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Orange. A trial has not yet been had therein. A copy of the Summons and Complaint is annexed as **Exhibit "A"**. Petitioner has not yet served an Answer to plaintiff's Complaint.

2. The action seeks monetary damages for personal injuries allegedly suffered by plaintiff, JESSICA GRAZIADIO, while she was in a Target store. The plaintiff's complaint sounds in negligence. Plaintiff, MARYANN GRAZIADIO, has a

1

asserted a loss of services claim as the mother of plaintiff JESSICA GRAZIADIO.

3. The action involves a controversy between citizens of different states, in that: (a) Plaintiff is a citizen of the State of New York; and (b) Petitioners are now, and were at the time the action was commenced, a corporation incorporated in the State of Minnesota, with its principal place of business in the State of Minnesota.

4. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between Petitioner and Plaintiff. In addition, the amount in controversy exceeds $75,000.

5. This Notice of Removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Complaint.

6. Written notice of the filing of this Notice of Removal will be given to plaintiffs promptly after the filing of this Notice.

7. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Orange, promptly after the filing of this Notice.

8. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings

filed herein.

9. By filing this Notice of Removal, Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over Petitioner, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, Petitioner prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of Orange, be removed therefrom to this Court.

Dated:   Syosset, New York
         November 19, 2007

                                    SIMMONS, JANNACE & STAGG, L.L.P.
                                    Attorneys for Defendant-Petitioner
                                    TARGET CORPORATION

                                    By: _____
                                        MARVIN ROMERO (mr-7555)
                                    **Office & P.O. Address**
                                    75 Jackson Avenue
                                    Syosset, New York 11791-3139
                                    (516) 357-8100

To:

David Dambroff, Esq.
Attorney for Plaintiffs
**Office & P.O. Address:**
One Water Street - First Floor
White Plains, New York 10601
(914) 686-4300

Notice of Removal

Payroll Received

OCT 3 1 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------x
JESSICA GRAZIADIO and MARYANN GRAZIADIO,

                        Plaintiffs,

   -against-

TARGET CORPORATION,

                      Defendant.
-----------------------------------------------------------x

Index No.: 10006/07

SUMMONS  Filed 10/18/07

Plaintiffs designate
Orange County as the
place of trial.

Venue is based upon
Plaintiffs' residence address

Plaintiffs reside at
108 Galloway Road
Warwick, New York 10990

To the above named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and serve, with a copy of your Verified Answer thereto or, if the said Verified Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiffs' attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is delivered to your personally within The State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: October 1, 2007

                                          DAVID DAMBROFF, ESQ.
                                          Attorney for Plaintiffs
Defendants' addresses:                  Office & Post Office Address

Deft. TARGET CORPORATION     One Water Street – First Floor
1000 Nicollet Mall                         White Plains, New York 10601
Minneapolis, MN 55403              (914) 686-4300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------x
JESSICA GRAZIADIO and MARYANN GRAZIADIO,         Index No.: 10006/07

                Plaintiffs,

                                              **VERIFIED COMPLAINT**

  -against-

TARGET CORPORATION,

                Defendant.
-------------------------------------------------------------x

    Plaintiffs, be their attorney, DAVID DAMBROFF, ESQ., as and for their Verified Complaint, allege as follows, upon information and belief:

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF JESSICA GRAZIADIO:**

1. That at all of the times hereinafter mentioned, and for some period of time prior thereto, the Defendant TARGET CORPORATION was and still is a foreign corporation duly authorized to do business in The State of New York.

2. That at all of the times hereinafter mentioned, and for some period of time prior thereto, the Defendant TARGET CORPORATION was and still is a foreign corporation actually doing business in The State of New York.

3. That at all of the times hereinafter mentioned, and for some period of time prior thereto, the Defendant TARGET CORPORATION was and still is a business entity actually doing business in The State of New York.

4. That at all of the times hereinafter mentioned, and for some period of time prior thereto, the Defendant TARGET CORPORATION was the owner of a Target Department store located in the Galleria shopping center in Middletown, New York.

5. That at all of the times hereinafter mentioned, the said store was designated as store number 1296.

6. That at all of the times hereinafter mentioned, and for some period of time prior thereto, the said Defendant TARGET CORPORATION, by and through its agents, servants and/or employees,

operated, managed and/or maintained the Target Department store premises aforesaid at the location aforesaid and/or the floorways of said store premises in areas where customers of said store and/or members of the general public normally traversed during its normal business hours.

7. That at all of the times hereinafter mentioned, and for some period of time prior thereto, the Defendant TARGET CORPORATION, by and through its agents, servants and/or employees, controlled the said Target Department store premises aforesaid at the location aforesaid and/or the floorways of the said store premises in areas where customers of said store premises and/or members of the general public normally traversed during the its regular business hours.

8. That while walking within said store premises on the 28th day of August, 2006, the Plaintiff JESSICA GRAZIADIO was caused to slip and fall upon the floorway thereof.

9. That at the time of the slip and fall and at the location as hereinabove set forth, the floorway was wet at or about the aforesaid location where the said Plaintiff JESSICA GRAZIADIO slipped and fell.

10. That at the time and place aforesaid, the Plaintiff JESSICA GRAZIADIO was walking upon a portion of said floorway regularly used by customers of said store and/or the general public walking thereon during the regular store hours of said store.

11. That at the above time and place, the aforesaid slip and fall of the Plaintiff JESSICA GRAZIADIO was caused by the wetness of said floor area at the location where the said Plaintiff slipped and fell.

12. That at the above time and place, the wet floorway caused the accident aforesaid.

13. That at the time and location aforesaid, the Defendant TARGET CORPORATION, by and through its agents, servants and/or employees, operated, managed and/or maintained the floorway of the premises aforesaid.

14. That at the time and place aforesaid, the area where Plaintiff JESSICA GRAZIADIO slipped and fell was an area operated, managed and/or maintained during regular business hours by the

-2-

Defendant TARGET CORPORATION, by and through its agents, servants and/or employees.

15. That at the time and place aforesaid, the area where Plaintiff JESSICA GRAZIADIO slipped and fell was an area controlled during regular business hours by the Defendant TARGET CORPORATION, by and through its agents, servants and/or employees.

16. That at or near the above place on the date aforesaid, an agent, servant and/or employee of the said store premises and/or the Defendant TARGET CORPORATION made out a written incident report relating to the accident aforesaid involving the Plaintiff JESSICA GRAZIADIO.

17. That at the time and place aforesaid, the Defendant TARGET CORPORATION, by and through its agents, servants and/or employees, prepared written accident reports occurring on the premises aforesaid where an individual was injured as a result thereof in the event that an agent, servant and/or employee actually witnessed said accident or said accident report was brought to their attention by either the person who slipped or another on said person's behalf.

18. That at the time and place aforesaid, the Defendant TARGET CORPORATION, by and through its agents, servants and/or employees, prepared written accident reports occurring on the premises aforesaid resulting in personal injury to the person involved in said accident whenever they had knowledge or had been given knowledge and/or notice of said accident.

19. That the time and store location aforesaid, written accident reports as hereinabove set forth herein were prepared in the regulars course of business by the Defendant TARGET CORPORATION by and through its agents, servants and/or employees.

20. That at the aforesaid time and store location, all written accident reports were made contemporaneously with first knowledge and/or notice that said accident had occurred upon the store premises or as soon thereafter as practicable by the said Defendant TARGET CORPORATION, by and through its agents, servants and/or employees.

21. That the incident and/or accident report aforesaid stated that the said Plaintiff did step upon a

-3-

wet area of the floorway, puddle and/or "patch of water" thereon, causing her to slip and fall thereon while she was walking upon a floorway of the premises upon which customers and/or members of the general public walking therein for ingress into and/or egress from the shopping mall where said Target Store was situated during the regular hours of said store premises and/or the adjacent shopping mall.

22. Plaintiff claims an exemption from the abolition of joint and several tort liability as enumerated in Article 16 of the CPLR.

23. That the said accident was caused wholly and solely, through and by reason of, the negligence of the said Defendant TARGET CORPORATION, its agents, servants and/or employees in its ownership, management, maintenance and/or control of said store premises and, more particularly, the floorways thereof and, more particularly, the floorway area where the said Plaintiff JESSICA GRAZIADIO slipped and fell.

24. That by reason of the foresaid accident, Plaintiff JESSICA GRAZIADIO sustained severe and permanent personal injuries with consequent limitations, restrictions and sequellae, all to her damage in a sum which exceeds the jurisdictional limits over which all lower courts would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MARYANN GRAZIADIO:**

25. Plaintiff MARYANN GRAZIADIO repeats, reiterates and realleges each and every allegation set forth in the First Cause of Action herein as though more fully set forth herein.

26. That at all the times hereinabove mentioned, the Plaintiff JESSICA GRAZIADIO was the daughter of the Plaintiff MARYANN GRAZIADIO and as such resided with her.

27. That by reason of the accident herein involving the Plaintiff JESSICA GRAZIADIO, the Plaintiff MARYANN GRAZIADO, was caused to expend divers sums of money in order to pay for the medical and hospital treatment, medicines and medical supplies, diagnostic testing and/or other medical and/or hospital related expenses and/or was deprived of the services

normally rendered to a mother by a dutiful daughter who has already obtained majority, living in the same household with said mother, all to the damage of the Plaintiff MARYANN GRAZIADO in a sum which exceeds the jurisdictional limits over which all lower Courts would otherwise have jurisdiction.

**WHEREFORE**, the Plaintiff JESSICA GRAZIADIO demands judgment against the Defendant TARGET CORPORATION in the First Cause of Action herein in a sum which exceeds the jurisdictional limits over which all lower Courts would otherwise have jurisdiction and the Plaintiff MARYANN GRAZIADIO demands judgment against the Defendant TARGET CORPORATION in the Second Cause of Action herein in a sum which exceeds the jurisdictional limits over which all lower courts would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: October 1, 2007

DAVID DAMBROFF, ESQ.
Attorney for Plaintiffs
JESSICA GRAZIADIO and
MARYANN GRAZIADIO
One Water Street – First Floor
White Plains, NY 10601
(914) 686-4300

## ATTORNEY'S AFFIRMATION

That I am the attorney for the Plaintiffs JESSICA GRAZIADIO and MARYANN GRAZIADIO in the above matter;

That I have read the foregoing COMPLAINT and know the contents thereof; and the same is true to my own knowledge except those stated to be true upon information and belief and as to those matters I believe them to be true. The basis of affirmant's knowledge are conversations with the Plaintiffs and documents and information contained in your affirmant's file herein.

The reason that this verification is made by me and not by the Plaintiffs themselves is that your affirmant maintains his law offices in County other than the one in which the Plaintiffs reside.

Dated: October 1, 2007

_____
DAVID DANSROFF